**FILED**

AUG 1 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND CHIU, ) | |
| ) | |
| Plaintiff, ) | JUDGE RONALD GUZMAN |
| ) | |
| v. ) | No. **05 C 4681** |
| ) | |
| PACIFIC INVESTMENT MANAGEMENT ) | |
| COMPANY LLC, ) | MAGISTRATE JUDGE MASON |
| ) | *JURY TRIAL DEMANDED* |
| Defendant. ) | |

### CLASS ACTION COMPLAINT

Plaintiff brings this Commodity Exchange Act ("CEA") action on behalf of himself and a Class of purchasers of June and September 10-year Treasury note futures contracts (also collectively referred to as "Class Contracts") who liquidated a short position in Class Contracts between May 16 and June 30, 2005, inclusive, or who delivered on the June 2005 futures contract in order to satisfy a short position. Plaintiff's claims as to himself and his own actions are based upon his knowledge. All other allegations are based upon information and belief pursuant to the investigation of counsel. As and for his Complaint, Plaintiff alleges as follows:

### I.    JURISDICTION AND VENUE

1.    A United States Treasury note with a maturity between 6.5 and 10 years ("Treasury note") is a "commodity" and is the "commodity underlying" 10-year Treasury note futures contracts traded on the Board of Trade of the City of Chicago ("CBOT"). See Sections 1a(4) and 22 of the CEA, 7 U.S.C. §§ 1a(4) and 25(a)(1)(D), respectively.

2.    This Court has jurisdiction over this action pursuant to Section 22 of the CEA, 7 U.S.C. § 25, and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this District pursuant to Section 22 of the CEA, 7 U.S.C. § 25(c), because the Defendant transacts business in this District and the claims arose, in part, in this District. Defendant's unlawful acts manipulated the prices of the Class Contracts and 10- year Treasury notes traded on the CBOT, which is located at 141 West Jackson Boulevard, Chicago, Illinois 60604.

4. The Defendant, directly and indirectly, made use of the means and instrumentalities of transportation or communication in, or the instrumentalities of, interstate commerce, or of the mails in the connection with the unlawful acts and practices and course of business alleged herein.

## II. PARTIES

*Plaintiff*

5. During the Class Period, as defined below in paragraph 18, Plaintiff sold a September 10-year Treasury note futures contract, and then liquidated same for a loss.

*Defendant*

6. Pacific Investment Management Company LLC (hereinafter "Pimco" or "Defendant") is an institutional money manager specializing in fixed income management. Pimco is incorporated in the state of Delaware and is headquartered in Newport Beach, California.

## III. SUBSTANTIVE ALLEGATIONS

### A. Background

7. A 10-year Treasury note is the commodity that underlies the trading in the Class Contracts.[1] A futures contract is an agreement to purchase or sell a commodity at a future date at a price established by the trading transaction.

---

[1] The CBOT defines 10-year Treasury note futures contracts as "10 Year Treasury Note Futures." The CBOT rules refer to them as "Long Term T-Notes." All of these are merely different linguistic formulations for referring to the same thing.

2

8. Such contracts are standardized according to the terms specified by the commodity exchange which creates the contract. In this case of 10-year Treasury notes, that exchange is the CBOT. This standardization makes such contracts fungible. Thus, for example, the purchaser of a September 10-year Treasury note futures contract is able to offset his future obligation to the CBOT to take delivery of the note by selling a September 10-year Treasury note futures contract. This is otherwise known as "liquidation."

9. Delivery actually occurs on less than 1% of all contracts. In other words, taking possession of the underlying note via a futures delivery rarely takes place.

10. Instead, futures contracts are typically satisfied by liquidation, rather than by making or taking delivery of the underlying commodity.

11. When delivery is called for, the rules of the CBOT specify a number of different note issues that are acceptable for delivery against the 10-year Treasury note futures contract. The rules also specify the value received in exchange for delivery of each deliverable treasury note.

**B. Defendant's Means Of Manipulation And The Effects Thereof**

12. The Defendant purchased a long position of approximately $10 billion of June 10-year Treasury note futures contracts.

13. Defendant also owned billions of dollars worth of the cheapest to deliver notes.

14. Rather than liquidating their futures or selling their cheapest to deliver notes, defendant held and engrossed both in order to create an artificial an artificial discrepancy between the supply of cheapest to deliver, 10-year Treasury notes not held by Defendant, and the potential demand for delivery by Defendant. During the Class Period, there was only about $10 billion to $13 billion cheapest-to-deliver, 10-year Treasury notes available for the June futures contract, whereas the value of such contracts outstanding was as high as $170 billion.

15. This artificial scarcity in cheapest-to-deliver notes caused the price of Class Contracts to increase, thus generating a profit for Defendant.

16. Defendant's manipulative conduct also caused the number of "fails" to precipitously increase in the week ending June 15, when a daily average of roughly $74 billion of Treasury transactions failed. Only $8 billion of these daily fails occurred in May. A "fail" occurs when an investor borrows a note with the intent of selling it in the future; hopes to repay the loan with notes purchased later at a lower price; but is unable to return the borrowed note due to an artificial scarcity of the note in the marketplace. Thus, fails are symptomatic of an artificial shortage of the cheapest to deliver note.

### C. Defendant's Motive And Intent

17. Defendant's motive and intent for their foregoing manipulative act was to increase their financial return, including but not limited to, the return from the sale of their Treasury note futures positions at the artificially high prices created by their manipulation.

18. As a direct, proximate and foreseeable result of Defendant's foregoing unlawful conduct, Plaintiff and members of the Class have suffered damage.

### IV. CLASS ACTION ALLEGATIONS

19. Plaintiff, identified in paragraph 5 herein, brings this action on his own behalf and as a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of:

> All persons who purchased, between May 16, 2005 and June 30, 2005 ("Class Period"), inclusive, a June or September 10-year Treasury note futures contract in order to liquidate a short position, or who delivered on the June 2005 futures contract in order satisfy a short position (the "Class"). Excluded from the class is defendant and any affiliated party of the defendant.

20. This action is properly maintainable as a class action. The members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. On information and belief, there are in excess of 1,000 members in the Class and they reside in various places throughout the United States.

21. Questions of law and fact common to the members of the Class exist, and predominate over questions, if any, that may affect only individual members, because Defendant has acted on grounds generally applicable to the entire Class. The questions of law and fact common to the Class include, but are not limited to:

(a) whether Defendant's conduct violated the CEA, as amended, 7 U.S.C. §1 *et seq.*;

(b) whether prices for 10-year Treasury notes, and June and September 10-year Treasury note futures contracts, were artificially high during the Class Period due to Defendant's conduct;

(c) what was the amount and timing of the Defendant's purchases and holdings of 10-year Treasury notes and June and September 10-year Treasury futures contracts during the Class Period;

(d) whether and to what extent a person who liquidated their Class Contract during the Class Period was injured; and

(e) whether Plaintiff and the members of the Class suffered damages as a proximate result of Defendant's unlawful conduct.

22. Plaintiff's interests are typical of, and not antagonistic to the interests of, the Class.

23. The Plaintiff has retained competent counsel who are experienced in class actions and commodity futures litigation. Plaintiff intends to prosecute this action vigorously.

24. Defendant has acted on grounds generally applicable to the Plaintiff and the Class. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendant.

25. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

## COUNT I

## MANIPULATION IN VIOLATION OF THE COMMODITIES EXCHANGE ACT

26. Plaintiff repeats and re-alleges the previous allegations as if fully set forth herein.

27. Plaintiff and members of the Class purchased one or more Class Contracts in order to liquidate their short positions during the Class Period, and were injured as a result of Defendant's manipulation of the price of those contracts, and/or the price of the notes underlying those contracts, in violation of the CEA, 7 U.S.C. § 1, *et seq*.

28. Defendant's trading activities alleged herein constitute manipulation of the price of Class Contracts, and/or the price of 10-year Treasury notes underlying those contracts, in violation of Sections 9(a) and 22(a) of the CEA, 7 U.S.C. §§ 13(a), 25(a).

29. Plaintiff and members of the Class are each entitled to actual damages for the violations of the CEA alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(A) That the Court determine that this action may be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be denominated as Class representative and Plaintiff's counsel be appointed counsel for the Class;

(B) That Plaintiff and the Class recover actual damages, as provided by law, determined to have been sustained for violations of the CEA, and that judgement be entered against Defendant on behalf of Plaintiff and the Class;

(C) That Plaintiff and the Class recover their costs of the suit, including attorney's fees; and

(D) For such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 16, 2005

RAYMOND CHIU, Plaintiff

By: _____
Marvin A. Miller, Esq.
Jennifer W. Sprengel
Anthony F. Fata
**MILLER FAUCHER and CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880

*Designated Local Counsel*

Christopher Lovell
Gary Jacobson
Ryan Long
**LOVELL, STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900

Louis F. Burke
**LOUIS F. BURKE, P.C.**
360 Lexington Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 682-1700

*Counsel for Plaintiff*