**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS,<br><br>Defendants. | No. 05 C 4681<br>Judge Ronald A. Guzman |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs, Josef A. Kohen, Breakwater Trading LLC and Richard Hershey (collectively, "Plaintiffs"), through their counsel, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully move for class certification. Plaintiffs will separately submit a Memorandum In Support of Motion for Class Certification. In support of their Motion, Plaintiffs state:

1. This is a nationwide class action against Defendants, Pacific Investment Management Company LLC ("PIMCO") and PIMCO Funds ("Funds") on behalf of:

> All persons who purchased, between May 13, 2005 and June 30, 2005 ("Class Period"), inclusive, a June 10-year Treasury note futures contract in order to liquidate a short position, or who delivered on the June 2005 futures contract in order to satisfy a short position (the "Class"). Excluded from the Class are defendants and any affiliated or associated party of defendants.

2. Here, all Plaintiffs and Class members transacted in the June 2005 ten- year Treasury Note futures contracts ("June Contracts") which are traded on the same market on the Chicago Board of Trade. Defendants either did or did not unlawfully manipulate the prices of June Contracts traded in that single market. This is the central common issue in this class action, and it predominates over all other issues.

3. Thus, this case satisfies all of the elements of Rule 23(a) and Rule 23(b)(3). A district court has "broad discretion" in determining whether to certify a class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The party moving for class certification bears the burden of establishing that certification is appropriate. *General Telephone Co. of SW v. Falcon*, 457 U.S. 147, 161 (1982). Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. Proc. 23(a). Rule 23(b)(3) requires predominance and superiority. Fed. R. Civ. Proc. 23(b)(3). As discussed below, each of these requirements is satisfied.

**NUMEROSITY**

4. The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. Proc. 23(a)(1); *see also Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (certifying class of 40 persons). "[P]recise quantification of the class members is not necessary because the court may make 'common sense assumptions' to support a finding of numerosity." *German v. Federal Home Loan Mortgage Corp.*, 885 F. Supp. 537, 552 (S.D.N.Y. 1995) (citation omitted). In this case, the Complaint alleges that the Class numbers "in excess of 1,000 members." Cmp. ¶ 95. Although the identity and location of the members of the Class are not known presently, the Chicago Board of Trade ("CBOT") trading volume records indicate the Class numbers in the

thousands and the identity and location of each member of the Class can be readily ascertained from those or other available records. Accordingly, the numerosity requirement is satisfied.

**<u>COMMONALITY</u>**

5. The commonality requirement is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. Proc. 23(a)(2). This requirement focuses on whether the class members' grievances "derive from a 'common nucleus of operative fact.'" *In re Hartmarx Securities Litig.*, No. 01 C 7832, 2002 WL 31103491, * 4 (N.D. Ill. Sept. 19, 2002). Such a common nucleus exists where "'defendants have engaged in standardized conduct towards members of the proposed class.'" *Id.* (citation omitted). "[F]actual variations among class members' claims" do not themselves "defeat the certification of a class." *Id.* Because it requires only one common question, "Rule 23(a)(2) is generally considered a 'low hurdle' easily surmounted." *In re Prudential Sec. Litig. Limited Partnerships Litig.*, 163 F.R.D. 200, 206 (S.D.N.Y. 1995). In this case, Plaintiffs and Class members are united in attempting to establish Defendants' liability for unlawfully manipulating the prices of the June Contract to artificially high levels. Common questions are discussed below in connection with the predominance requirement. Defendants' conduct affected the market for the June Contract and thereby affected each Class member in the same manner. Accordingly, the commonality requirement of Rule 23(a)(2) is clearly satisfied.

**<u>TYPICALITY</u>**

6. The typicality requirement is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. Proc. 23(a)(3). "The issue of typicality is closely related to the issue of commonality." The focus is on "'whether the named representatives' claims have the same essential characteristics as the

claims at large.'" *In re Hartmarx Securities Litig.*, 2002 WL 31103491 at *4 (citing *Retired Chicago Police Ass'n*, 7 F.3d at 596-97). A named representative's claim is typical where "'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members'" and is "'based on the same legal theory.'" *Id*. "'Typical does not mean identical, and the typicality requirement is liberally construed.'" *In re Neopharm, Inc. Securities Litig.*, 225 F.R.D. at 566 (citation omitted). A named representative's claim is "atypical" only if there is a defense that is "unique, arguable and likely to usurp a significant portion of the litigant's time and energy." *Danis v. USN Communications, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In this case, Plaintiffs are typical of the Class they seek to represent. Their claims are predicated upon the same common scheme to artificially inflate the price of the June Contract that absent Class members' claims are predicated upon, and Plaintiffs seek the same relief for themselves as they do for the rest of the Class. There are no unique defenses peculiar to Plaintiffs. Accordingly, the typicality requirement is readily satisfied.

**<u>ADEQUACY OF REPRESENTATION</u>**

7. The adequacy of representation requirement is satisfied where "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). Adequacy of representation merely requires that the class representative's attorney be qualified, and that the class representative not have interests conflicting with the class in the litigation at hand. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). The court determines (1) the ability of plaintiff to "'protect[] the different separate, and distinct interests of the class members'" and (2) "'the adequacy of the named plaintiff's counsel.'" *In re Hartmarx Securities Litig.*, 2002 WL 31103491at *6 (citing *In re Retired Chicago Police Assoc.*, 7 F.3d at 598). In this case, Plaintiffs and their counsel will vigorously prosecute the Class' interests. Counsel has already committed

significant resources to the investigation and prosecution of this action and will continue to do so. Plaintiffs have no interests antagonistic to the interests of absent Class members. Accordingly, the adequacy of representation requirement is readily satisfied.

**PREDOMINANCE**

8. The predominance requirement is satisfied where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. Proc. 23(b)(3). "The requirement of predominance is met where there is a showing of predominance of common questions at the liability stage of the litigation, rather than at the damages stage. *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171, 180-81 (S.D.N.Y. 2005) (certifying a three-year class of both long and short sellers)(citation omitted). The predominant issue in this litigation will be whether the Defendants unlawfully manipulated the prices of the June Contract in violation of the Commodity Exchange Act. Among the common issues are: (1) the legal elements of Plaintiffs' claims and their application to the facts in this case; (2) the objective historical facts of prices and price relationships; (3) when Defendants' common course of manipulative conduct began, what trades Defendants made, and what their other manipulative conduct was; and (4) whether Defendants' manipulative conduct caused June Contract prices to be artificial and, if so, by how much. Plaintiffs are unaware of any issues affecting only individual Class members. Accordingly, the predominance requirement is readily satisfied.

**SUPERIORITY**

9. The superiority requirement is satisfied where the "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. Proc. 23(b)(3). The "superiority" requirement is readily satisfied in cases such as this where there are

"a large number of investors who are likely to be geographically dispersed," who are likely to have "relatively small claims making it expensive to seek recovery through individual litigation," and, hence, where a "class action would be the most efficient use of judicial resources in resolving common issues." *In re Neopharm, Inc. Securities Litig.*, 225 F.R.D. at 568. Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). In this case, Class members do not have an interest in individually controlling the prosecution of separate actions given the complexity of this case and the likely resources that would be engendered by such separate litigation versus the potential recovery. Moreover, Plaintiffs are unaware of any other litigation concerning the market manipulation at issue in this litigation. It is desirable to concentrate all claims in the Northern District of Illinois because the Chicago Board of Trade was the location of the trades at issue. Plaintiffs are unaware of any difficulties likely to be encountered in the management of this class action that would prevent the Class from being certified. There are no alternatives to handling this litigation other than as a class action. Accordingly, the superiority requirement is readily satisfied in this case.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, and the reasons set forth in Plaintiffs' Memorandum In Support of Motion for Class Certification, which will be filed separately,

Plaintiffs respectfully request the Court to certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY,**

Dated: February 9, 2006

By: s/ Christopher Lovell

Christopher Lovell
Gary S. Jacobson
Craig Essenmacher
Ryan Long
**LOVELL, STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
***Lead Counsel for Plaintiffs***

By: s/ Marvin A. Miller

Marvin A. Miller
Jennifer W. Sprengel
Anthony F. Fata
**MILLER FAUCHER CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782–4485
***Designated Local Counsel for Plaintiffs***

Geoffrey M. Horn
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue , 21st Floor
New York, NY 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
***Counsel for other Plaintiffs***