**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | : : : |
| Plaintiffs, | : : |
| v. | : No. 05 C 4681 |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, and JOHN DOES 1-100, | : Hon. Ronald A. Guzman : : |
| Defendants. | : : |

**DEFENDANT PIMCO FUNDS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant PIMCO Funds moves to dismiss the First Amended Consolidated Class Action Complaint[1] ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cognizable claim against it. In addition to the Complaint's deficiencies as set forth in Defendant PIMCO LLC's ("PIMCO's") Memorandum of Law, which PIMCO Funds adopts in its entirety, PIMCO Funds submits that the Complaint is deficient as concerns PIMCO Funds for an additional reason: according to the facts pled in the Complaint itself, PIMCO Funds could not have had the intent necessary to engage in market manipulation in violation of Sections 9(a) and 22(a) of the Commodity Exchange Act ("CEA"). Though Plaintiffs fail to allege whether PIMCO

---

[1] Plaintiffs amended their Complaint (for the third time) on May 30, 2006. The changes do not remedy the Complaint's deficiencies as to PIMCO Funds. Indeed, none of the changes concern PIMCO Funds at all.

Funds is claimed to be a principal violator of the CEA or an "aider and abettor," the Complaint should be dismissed under either theory of liability because intent to manipulate the market is indisputably a necessary element for a claim of market manipulation. Therefore, even if the Complaint adequately alleged market manipulation at all -- and it does not -- PIMCO Funds is not a defendant properly before the court.

## BACKGROUND

Although not set forth in the Complaint, PIMCO Funds is actually known as PIMCO Funds: Pacific Investment Management Series. PIMCO Funds is a registered investment company (pursuant to the Investment Company Act, 15 U.S.C. § 80a-1, *et seq.*) that is organized as a Massachusetts business trust. *See* PIMCO Funds: Pacific Investment Management Series Statement of Additional Information (January 15, 2005) at 94.[2] Shares of PIMCO Funds are publicly offered.

There are sixty-one different series of the PIMCO Funds trust, each of which (such as the Total Return Fund referred to in the Complaint) consists of a separate pool of assets. The assets of each PIMCO Fund are invested in accordance with the investment objectives and restrictions applicable to that PIMCO Fund or as specified in the relevant prospectus. *Id*. at 77.

PIMCO Funds is a pass-through collective investment vehicle which does not by itself make any investment decisions or execute any trades. Instead, PIMCO Funds contracts with defendant PIMCO LLC to serve as its investment adviser. *Id*. at 46.

---

[2] Available at http://prospectus-express.newriver.com/pnet/get_template.asp?clientid= gwl&userid=&fundid=PI-TRT&doctype=sai. The Court may take judicial notice of a prospectus or related investment materials in deciding a Rule (12)(b)(6) motion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997).

## ARGUMENT

In evaluating a motion to dismiss under Rule 12(b)(6), the Court should assume the truth of the facts alleged in the Complaint and construe the allegations in the light most favorable to plaintiffs. *See, e.g.*, *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). The Court, however, neither is bound by plaintiffs' legal characterization of the facts nor is required to ignore any facts set forth in the Complaint that undermine plaintiffs' claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). And, "if the plaintiff…pleads facts, and the facts show that he is entitled to no relief, the complaint should be dismissed." *American Nurses Assoc. v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986).

Here, the facts set forth in the Complaint show that PIMCO Funds necessarily lacked the intent to violate the CEA.

## I. AS PLAINTIFFS CONCEDE, PIMCO FUNDS LACKED THE INTENT NECESSARY FOR PLAINTIFFS TO STATE ANY CLAIM FOR MANIPULATION UNDER THE CEA

### A. Plaintiffs Fail To State A Direct Claim Against PIMCO Funds

To state a claim under Section 22(a) of the CEA, a plaintiff who traded futures must allege that the defendant manipulated the price of the futures contract or the underlying commodity. 7 U.S.C. § 25(a)(1)(d). Though Congress chose not to define market manipulation in the CEA, "the courts and the CFTC generally have adopted a practical, four-part test for manipulation, in which the plaintiff must show each of the following: (1) the defendant possessed the ability to influence the prices; (2) an artificial price existed; (3) the defendant caused the artificial price; and (4) the defendant *specifically intended to cause* the artificial price." *In re Soybeans Futures Litigation*, 892 F.Supp. 1025, 1044 (N.D. Ill. 1995) (emphasis added). As the Seventh Circuit has

further stated, "[m]anipulation, broadly stated, is an *intentional* exaction of a price determined by forces other than supply and demand." *Frey v. Commodity Futures Trading Comm'n*, 931 F.2d 1171, 1175 (7th Cir. 1991) (emphasis added.)

Plaintiffs allege that PIMCO, PIMCO Funds, and "John Does 1-100" manipulated the price of Ten Year Treasury Note futures contracts in the spring and summer of 2005. In the Section of the Complaint headed "Defendants" it is alleged that "PIMCO . . . *caused* PIMCO Funds to purchase the aggregate Ten Year Treasury Note futures contract positions and aggregate February 2012 U. S. Treasury Note holdings…" (Complaint ¶ 23, emphasis added.) In that same paragraph, Plaintiffs aver that "PIMCO *managed and controlled* PIMCO Funds and *caused* PIMCO Funds' conduct…" (*Id.*, emphasis added.) According to the terms of the Complaint itself, therefore, PIMCO Funds did not have the ability to engage -- or the ability to intend to engage -- in the actions that are alleged to have violated the CEA; instead PIMCO Funds was "controlled" by PIMCO, which "managed" PIMCO Funds and "caused [] PIMCO Funds' conduct." (*Id.*)

It is indisputable that a claim based on market manipulation requires that the defendant have both the ability and the intent to manipulate the market. PIMCO Funds, according to the Complaint itself, had neither. Accordingly, PIMCO Funds necessarily lacked the intent required for Plaintiffs to state a direct market manipulation claim against PIMCO Funds.


**B.**     **Plaintiffs Fail To State An Aiding And Abetting Claim Against PIMCO Funds**

Section 22(a) of the CEA also creates a private cause of action against a party that aids and abets a principal in the commission of market manipulation. 7 U.S.C. § (a)(1)(D). As recognized by the Seventh Circuit, to state a claim for aiding and abetting under the CEA "plaintiffs must allege that [the alleged aider and abettor] (1) had knowledge of the principal's intent to commit a violation of the Act (2) had the intent to further that violation; and (3) committed some act in furtherance of the principal's objective." *Damato v. Henderson*, 153 F.3d 464, 472-73 (7th Cir. 1998). Because, as noted above, PIMCO Funds was at all relevant times "controlled and managed" by PIMCO, PIMCO Funds itself could not have intended any action to further a violation of the CEA.

A case from the Third Circuit which relies on the Seventh Circuit's decision in *Damato* demonstrates this point. In *Nicholas v. Saul Stone & Co., LLC*, plaintiffs brought suit against futures commodities merchants (FCMs) which the instigators of a "Ponzi scheme" utilized to invest their victims' money, alleging both principal and aiding and abetting liability under the CEA. 224 F.3d 179 (3d Cir. 2000). The Third Circuit affirmed the dismissal of both counts. In affirming the dismissal of the aiding and abetting claim, the Court recognized:

> "[i]n essence appellants have alleged, at most, that the FCMs knew or should have known of the violations by [the principals] of the CEA. But these allegations are a far cry from an allegation that the FCMs not only had knowledge of the intent of [the principals] to violate the CEA but, as the Seventh Circuit put it in *Damato*, 'the intent to further that violation.'"

*Id.* at 198-90, *citing Damato*, 153 F.3d at 472.

The same principle applies here. Despite the conclusory allegations in the Complaint that "Defendants and other parties . . . knowingly aided, abetted counseled, induced, and/or procured or are responsible as control person" for violations of the CEA (Complaint ¶ 106), the facts as pled in the Complaint show that PIMCO Funds, which was "managed and controlled" by PIMCO, could not have had the intent to violate, or to assist other parties to violate, the CEA.

## CONCLUSION

For the foregoing reasons, as well as those set forth in PIMCO's Memorandum of Law, Defendant PIMCO Funds respectfully requests that the Court dismiss the First Amended Consolidated Class Action Complaint as against it with prejudice.

Dated: June 30, 2006

Respectfully submitted,

By: /s/ Blake T. Hannafan

| | |
|---|---|
| David A. Kotler (*pro hac vice*) | Michael T. Hannafan |
| William Gibson (*pro hac vice*) | Blake T. Hannafan |
| Dechert LLP | Nicholas A. Pavich |
| Princeton Pike Corporate Center | Michael T. Hannafan & Assocs., Ltd. |
| P.O. Box 5218 | One East Wacker Dr. |
| Princeton, NJ 08543-5218 | Suite 1208 |
| (609) 620-3200 | Chicago, IL. 60601 |
| | 312-527-0055 |
| | **Attorneys for Defendant PIMCO Funds** |

## CERTIFICATE OF SERVICE

      I, Blake T. Hannafan, hereby certify that on June 30, 2006, I electronically filed **DEFENDANT PIMCO FUNDS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** using the ECF System and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Vincent Briganti
Lowey Dannenberg Bemporad & Selinger, P.C.
One North Lexington Ave.
11th Floor
White Plains, NY 10601

Louis F. Burke
Louis F. Burke, P.C.
460 Park Ave.
21st Floor
New York, NY 10022

Christopher Lovell
Lovell, Stewart Halebian, LLC
500 Fifth Ave.
New York, NY 10110

                                                  /s/ Blake T. Hannafan