**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JOSEPH A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | No. 05 C 4681 |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, and JOHN DOES 1-100, | : : : | Hon. Ronald A. Guzman |
| Defendants. | : : : | |

**DEFENDANT PIMCO FUNDS' REPLY BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS**

As set forth in the moving brief filed by PIMCO Funds, in addition to the substantive bases advanced in the motion to dismiss filed by co-defendant PIMCO, Plaintiffs' First Amended Consolidated Class Action Complaint ("Complaint") fails to state a claim against PIMCO Funds for an additional and threshold reason: according to the facts pled in the Complaint itself, PIMCO Funds could not have had the intent necessary to engage in market manipulation in violation of Sections 9(a) and 22(a) of the Commodity Exchange Act ("CEA").

In their three paragraphs of opposition to the motion to dismiss filed by PIMCO Funds (*see* Plaintiff's Memorandum in Opposition to PIMCO's Motions to Dismiss ("Pl. Mem.") at 24), Plaintiffs manage to ignore both settled law and even the plain language of their own Complaint. In so doing, however, Plaintiffs fail to respond to the threshold argument actually advanced by PIMCO Funds on this motion that based on

the very allegations Plaintiffs make in their Complaint, they have not adequately alleged -

- nor can they adequately allege -- that PIMCO Funds had the intent necessary to state a

claim for market manipulation.  But, under settled Rule 12(b)(6) standards, Plaintiffs

cannot avoid the dismissal of their claims against PIMCO Funds by ignoring the

allegations of their complaint.  Plaintiffs have failed as a matter of law to state any claim

of market manipulation against PIMCO Funds.

## ARGUMENT

I.   **PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD THAT PIMCO FUNDS HAD THE INTENT NECESSARY TO STATE A CLAIM FOR MARKET MANIPULATION UNDER THE CEA**

   A.   **Even On A Rule 12(b)(6) Motion, The Court Is Not Required To Accept Boilerplate Allegations That Are Contradicted By Facts Pled Elsewhere In The Same Complaint**

   Plaintiffs correctly note early in their brief that on a Rule 12(b)(6) motion

"the Court must accept as true all *well-pleaded* factual allegations of the complaint."  Pl.

Mem. at 8 (emphasis added).  When it comes to PIMCO Funds, however, Plaintiffs

ignore this standard and instead insist that because they included boilerplate language in

their Complaint alleging that PIMCO Funds "intended to assist in the manipulation and

knowingly aided, abetted, counseled, induced and/or procured the manipulation,"

Plaintiffs adequately have pleaded a market manipulation claim against PIMCO Funds.

Pl. Mem. at 23.  Plaintiffs are wrong as a matter of law.

   As Plaintiffs well know, it is only *well-pleaded* allegations that must be

accepted as true by the Court.  On the other hand, where the complaint contains

inherently contradictory allegations, the complaint is not well-pleaded and cannot survive

a motion to dismiss.  *See, e.g., R.J.R. Services, Inc. v. Aetna Cas. and Sur. Co.*, 895 F. 2d

279, 280-81 (7th Cir. 1989) (while a court will "accept as true all well-pleaded factual

- 2 -

allegations and inferences," the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law") (citations omitted). Plaintiffs' Complaint should meet precisely the same fate.

As explained in PIMCO Funds' motion to dismiss (and as completely ignored in Plaintiffs' opposition brief), Plaintiffs themselves allege that PIMCO "caused" PIMCO Funds' conduct and "managed and controlled PIMCO Funds." Complaint ¶ 23. This allegation necessarily negates any allegation or implication that <u>PIMCO Funds</u> had the requisite intent to cause an artificial price.[1]

Plaintiffs also suggest that the question of PIMCO Funds' intent to manipulate the Treasury futures market cannot be determined until trial. Plaintiffs are again wrong on both the law and their own pleaded facts. As a matter of law, the Court both can and should resolve on a Rule 12(b)(6) motion the question of whether Plaintiffs have adequately alleged each of the elements of their claim against PIMCO Funds, including the intent element. PIMCO Funds, as is proper on a Rule 12(b)(6) motion, has directed the Court's attention to <u>Plaintiffs' own</u> assertions that PIMCO Funds was "managed and controlled" by PIMCO. Plaintiffs should not be permitted to avoid the dismissal of their claims against PIMCO Funds by avoiding any scrutiny of their own pleading.

---

[1] *See In re Soybeans Futures Litigation*, 892 F. Supp. 1025, 1044 (N.D. Ill. 1995) (holding that a market manipulation claim requires that "the defendant <u>specifically intended</u> to cause the artificial price.") (emphasis added); *accord Frey v. Commodity Futures Trading Comm'n*, 931 F.2d 1171, 1175 (7th Cir. 1991) ("Manipulation, broadly stated, is an intentional exaction of a price determined by forces other than supply and demand.").

**B.**     **Plaintiffs' Assertions That PIMCO Funds Had Intent To Manipulate The Treasury Futures Market Because It Allegedly Profited On Trades Made By Its Investment Advisor Are Supported By Neither Law Nor Logic**

Plaintiffs also contend -- albeit again without any support or citation -- that PIMCO Funds allegedly had a motive to manipulate the Treasury futures market and that PIMCO Funds profited from the allegedly inflated prices.  Pl. Mem. at 23.  Plaintiffs have erroneously – and impermissibly—conflated "motive" and/or "profit" with "intent."

It is absolutely clear from the case law previously cited that intent is a crucial and independent prerequisite to a market manipulation claim.  Indeed, Plaintiffs' apparent assertions that motive and profit can constitute intent serves to illustrate why an independent intent requirement has been universally recognized by the courts.  Allowing a market manipulation claim to be based on mere profit would make any investor who made a profit during any act of market manipulation liable to anyone who lost money in the market, regardless of the "profitable" investor's involvement, knowledge, or ability to manipulate the market.  The CEA was meant to regulate the conduct of market participants, not provide a market insurance policy for any investors who lose money.  Here, Plaintiffs' own Complaint shows that any conduct PIMCO Funds is alleged to have engaged in was "managed and controlled" by PIMCO, and not attributable to any alleged intent on the part of PIMCO Funds.  Plaintiffs' rote invocation of the words "motive" and "profit" do not change that result.

## CONCLUSION

For the foregoing reasons, as well as those set forth in PIMCO Funds'

moving papers and in the papers filed by PIMCO (which are incorporated herein by

reference), PIMCO Funds respectfully requests that the Court dismiss the First Amended

Consolidated Class Action Complaint as against it with prejudice.


Dated:  August 28, 2006                        Respectfully submitted,

                                    By:    /s/ Blake T. Hannafan
        David A. Kotler (*pro hac vice*)       Michael T. Hannafan
        William Gibson (*pro hac vice*)        Blake T. Hannafan
        Dechert LLP                            Nicholas A. Pavich
        Princeton Pike Corporate Center        Hannafan & Hannafan, Ltd.
        P.O. Box 5218                          One East Wacker Dr.
        Princeton, NJ 08543-5218               Suite 1208
        (609) 620-3200                         Chicago, IL. 60601
                                               312-527-0055
                                               **Attorneys for Defendant PIMCO Funds**

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on August 28, 2006, I electronically filed **DEFENDANT PIMCO FUNDS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** using the ECF System and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Vincent Briganti
Lowey Dannenberg Bemporad & Selinger, P.C.
One North Lexington Ave.
11th Floor
White Plains, NY 10601

Louis F. Burke
Louis F. Burke, P.C.
460 Park Ave.
21st Floor
New York, NY 10022

Christopher Lovell
Lovell, Stewart Halebian, LLC
500 Fifth Ave.
New York, NY 10110

                                   ___/s/ Blake T. Hannafan_____
                                   Blake T. Hannafan