**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | : : : : |
| Plaintiffs, | : : |
| v. | : No. 05 C 4681 |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, and JOHN DOES 1-100, | : Hon. Ronald A. Guzman : : : |
| Defendants. | : : |

**DEFENDANT PIMCO FUNDS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant PIMCO Funds moves for summary judgment pursuant to Fed. R. Civ. P. 56(b) because after more than a year of extensive (and expensive) fact and expert discovery, Plaintiffs have proffered no evidence that PIMCO Funds was in any way involved in, let alone that PIMCO Funds had the legally-required intention to further, any alleged market manipulation of the June 2005 treasury futures contract. Without even a scintilla of evidence supporting this necessary element for their claim of market manipulation as against PIMCO Funds, even if the underlying action against PIMCO LLC survives – and it should not – PIMCO Funds should no longer be forced to remain as a defendant in this action.[1]

---

[1] PIMCO Funds also fully adopts the arguments set forth in Defendant PIMCO LLC's Memorandum of Law in Support of Summary Judgment in its entirety.

## SUMMARY OF UNDISPUTED FACTS

PIMCO Funds (full name: PIMCO Funds: Pacific Investment Management Series) is a registered investment company (pursuant to the Investment Company Act, 15 U.S.C. § 80a-1, *et seq.*) that is organized as a Massachusetts business trust. Shares of PIMCO Funds are publicly offered. PIMCO Funds' Statement of Undisputed Facts ("SOF") ¶ 3.

There are 72 different series of the PIMCO Funds trust, each of which (such as the Total Return Fund referred to in the Complaint) consists of a separate pool of assets. *Id.* ¶ 6. The assets of each PIMCO Fund are invested in accordance with the investment objectives and restrictions applicable to that PIMCO Fund or as specified in the relevant prospectus. *Id.*

PIMCO Funds is a pass-through collective investment vehicle which does not by itself make any investment decisions or execute any trades. *Id.* ¶ 7. Instead, PIMCO Funds hired (and continues to this day to hire) defendant Pacific Investment Management Company LLC ("PIMCO") to serve as its investment adviser. *Id.* As the investment adviser, PIMCO is solely responsible for ensuring that the assets of a particular PIMCO Fund are invested in accordance with the Fund's specific investment objectives and restrictions. *Id.*

With regard to the particular treasury futures securities at issue in this case, consistent with those investment restrictions, the investment adviser for a particular PIMCO Fund may have been either a purchaser (*i.e.*, "long") or a seller (*i.e.*, "short") of those securities. SOF ¶ 8. Indeed, while some of the particular PIMCO Funds were long in treasury futures contracts, other of the PIMCO Funds were short the same securities. *Id.*

None of the named Plaintiffs or class representatives purchased or sold any of the PIMCO Funds during the putative class period.

**ARGUMENT**

Fed. R. Civ. P. 56(c) mandates that a motion for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party 'who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Keri v. Bd. of Trustees of Purdue University*, 458 F.3d 620, 627 (7th Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986)).

Here, despite the extensive discovery process and nearly two dozen fact and expert depositions, Plaintiffs have failed to make any showing sufficient to suggest that PIMCO Funds had any intent to manipulate the market or otherwise violate the CFA.

**I.    PLAINTIFFS HAVE FAILED TO OFFER ANY EVIDENCE THAT PIMCO FUNDS HAD THE INTENT TO MANIPULATE THE MARKET IN VIOLATION OF THE CEA**

**A.    Intent Is A Necessary Element Of A Successful Market Manipulation Claim**

As this Court previously has recognized, to prevail on their claims against PIMCO Funds under Section 22(a) of the CEA, Plaintiffs must prove, among other things, that PIMCO Funds "specifically intended to cause the artificial price." *See* Memorandum Opinion and Order filed July 31, 2007 (Dkt. 290) ("Mem. Op.") at 22 (citing *In re Soybeans Futures Litigation*, 892 F.Supp. 1025, 1045 (N.D. Ill. 1995)) and Mem. Op. at 23 (holding that intent to further principal's CEA violation is a necessary element of aiding and abetting claim) (citing *Damato v. Hermanson*, 153 F.3d 464, 473 (7th Cir. 1998)). And, as the Seventh Circuit has further stated, "[m]anipulation, broadly stated, is an *intentional* exaction of a price determined by

forces other than supply and demand." *Frey v. Commodity Futures Trading Comm'n*, 931 F.2d 1171, 1175 (7th Cir. 1991) (emphasis added.)

Under either theory, therefore, Plaintiffs must eventually prove, and must at the summary judgment stage have offered at least some admissible evidence, that PIMCO Funds had the intent to manipulate the market for the June 2005 Treasury futures contract.

**B. Plaintiffs Have Offered No Evidence To Show That PIMCO Funds Even Knew About, Let Alone Intended, The Alleged Market Manipulation**

Critically, however, Plaintiffs have simply elicited no evidence, either through the deposition testimony of any fact witness or any retained expert, that PIMCO Funds had any intent to manipulate the market for the June 2005 treasury futures contract. Of the more than a dozen fact witnesses who were deposed, only one was a PIMCO Funds witness -- Ernest Schmider, PIMCO Funds' Head of Fund Operations. During Mr. Schmider's deposition (which lasted for less than half of a day), Plaintiffs elicited no testimony, and presented no exhibits, that showed that anyone at PIMCO Funds even knew of the trading activities at issue in this case, let alone had any intent to manipulate the treasury futures market. To the contrary, PIMCO Funds does not have any role in individual investments of the funds. SOF ¶ 7. In addition, PIMCO Funds does not have authority to determine what position should be held in any fund. *Id.*

Not surprisingly, therefore, PIMCO Funds is mentioned in only one of Plaintiffs' several expert reports (James Rickards), but even that expert conceded that he had no evidence to support a "conclusion" that PIMCO Funds knew of any alleged market manipulation by its investment adviser. SOF ¶ 8.

In short, Plaintiffs have offered no evidence that PIMCO Funds even *knew* how its investment adviser was trading in the June 2005 treasury futures contract, let alone intended to manipulate the price of the contract. The Court denied PIMCO Funds' motion to dismiss

because it found that "it can be reasonably inferred from the alleged facts [in Plaintiffs Complaint] that PIMCO Funds knew that PIMCO intended to manipulate the futures market … and by acting as the purchaser of such notes, PIMCO Funds intended and actually furthered PIMCO's objective." Mem. Op. at 24. After more than a year of discovery, it is now clear that Plaintiffs cannot support this inference with any record facts. Because Plaintiffs cannot even show that PIMCO Funds knew about the trading activities in the June 2005 treasury futures contract, it is legally impossible for them to show that PIMCO Funds intended those activities to manipulate the treasury futures market.

      **C.**      **Plaintiffs' Expert Admitted That Some Of The Mutual Funds Within PIMCO Funds Were Short On The Relevant Treasury Contracts And Would Have Been Harmed By Manipulation Of The Contract Price**

As explained above, PIMCO Funds is a pass-through collective investment vehicle that consists of 72 different funds, each of which has its own investment strategy and sets its own trading policy. SOF ¶ 6. In their previous papers, Plaintiffs have claimed that PIMCO Funds' intent can be inferred from its supposed profit from the alleged manipulation. Plaintiffs' expert, however, admitted that some of the specific PIMCO Funds had in fact suffered losses by the treasury futures contracts that Plaintiff is claiming were manipulated. SOF ¶ 8. This admission was followed by the more startling admission that Mr. Rickards could not even tell whether those harmed funds could be part of the Plaintiff's putative class. *Id.*

The fact that some of the PIMCO Funds were harmed by the events associated with the June futures contract shows that any attempt to impute intent to "PIMCO Funds" is doomed to failure – the fact that some of the individual funds were short on the relevant futures contract shows that individual funds set their own investment policy and that PIMCO Funds does not make investment decisions.

## **CONCLUSION**

It is indisputable that a claim based on market manipulation requires that the defendant have both the ability and the intent to manipulate the market. Plaintiffs have offered no evidence of either. In fact they have failed to even offer any evidence that PIMCO Funds even *knew about* PIMCO LLC's futures trading activities at the time they were happening. Plaintiffs' expert has even admitted that some of the trusts within PIMCO Funds could well be considered Plaintiffs in this action, and therefore clearly could not have had the intent to manipulate the market unless they were trying to harm themselves. There is simply no evidence to support Plaintiffs' market manipulation claims against PIMCO Funds.

For the foregoing reasons, Defendant PIMCO Funds respectfully requests that the Court enter summary judgment for it and against Plaintiffs.


Dated: October 17, 2007                                          Respectfully submitted,

                                                     By:    /s/  Blake T. Hannafan
  David A. Kotler (*pro hac vice*)                   Blake T. Hannafan
  William Gibson (*pro hac vice*)                    Nicholas A. Pavich
  Dechert LLP                                        Hannafan & Hannafan, Ltd.
  Princeton Pike Corporate Center                    One East Wacker Dr.
  P.O. Box 5218                                      Suite 2800
  Princeton, NJ 08543-5218                           Chicago, IL. 60601
  (609) 620-3200                                     312-527-0055
                                                     **Attorneys for Defendant PIMCO Funds**

- 7 -

**CERTIFICATE OF SERVICE**

      I, Blake T. Hannafan, an attorney, hereby certify that on October 17, 2007, I electronically filed the foregoing document using the ECF System and that I have electronically served copies of the foregoing document to the following non-ECF participants:

Vincent Briganti
Lowey Dannenberg Bemporad & Selinger, P.C.
One North Lexington Ave.
11th Floor
White Plains, NY 10601
vbriganti@ldbs.com

Louis F. Burke
Louis F. Burke, P.C.
460 Park Ave.
21st Floor
New York, NY 10022
lburke@lfblaw.com

Christopher Lovell
Lovell, Stewart Halebian, LLC
500 Fifth Ave.
New York, NY 10110
clovell@lshllp.com

                                    /s/ Blake T. Hannafan