## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, and JOHN DOES 1-100, <br><br> Defendants. | No. 05 C 4681 <br><br> Hon. Ronald A. Guzman |

## DEFENDANT PIMCO FUNDS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

As set forth in the moving brief filed by PIMCO Funds, summary judgment should be granted in favor of PIMCO Funds for a simple and threshold reason: plaintiffs have not provided a scintilla of evidence that PIMCO Funds had the intent necessary to engage in market manipulation in violation of Sections 9(a) and 22(a) of the Commodity Exchange Act ("CEA"). Plaintiffs' opposition papers misread the law, "disputes" undisputable facts, and misunderstands the prior decision in this case.

## ARGUMENT

1.    In Order To Prevail On Their Market Manipulation Claims, Plaintiffs Must Demonstrate That PIMCO Funds Intended The Alleged Manipulation.

To succeed on a claim for primary liability for market manipulation under Section 22(a) of the CEA, a plaintiff who traded futures must show that the defendant manipulated the price of the futures contract or the underlying commodity. 7 U.S.C. §

25(a)(1)(d). Though Congress did not define market manipulation in the CEA, Plaintiffs do not dispute that "the courts and the CFTC generally have adopted a practical, four-part test for manipulation, in which the plaintiff must show each of the following: (1) the defendant possessed the ability to influence the prices; (2) an artificial price existed; (3) the defendant caused the artificial price; and (4) the defendant *specifically intended to cause* the artificial price." *In re Soybeans Futures Litigation*, 892 F.Supp. 1025, 1044 (N.D. Ill. 1995) (emphasis added). Nor do Plaintiffs dispute that, as the Seventh Circuit further has stated, "[m]anipulation, broadly stated, is an *intentional* exaction of a price determined by forces other than supply and demand." *Frey v. Commodity Futures Trading Comm'n*, 931 F.2d 1171, 1175 (7th Cir. 1991) (emphasis added.)

Intent must also be proven in order to succeed on a claim of aiding and abetting market manipulation. Section 22(a) of the CEA also creates a private cause of action against a party that aids and abets a principal in the commission of market manipulation. 7 U.S.C. § (a)(1)(D). As recognized by the Seventh Circuit, and again as not disputed by Plaintiffs, to prevail on a claim of aiding and abetting under the CEA "plaintiffs must allege that [the alleged aider and abettor] (1) had knowledge of the principal's intent to commit a violation of the Act (2) *had the intent to further that violation*; and (3) committed some act in furtherance of the principal's objective." *Damato v. Henderson*, 153 F.3d 464, 472-73 (7th Cir. 1998) (emphasis added).

A case from the Third Circuit which relies on the Seventh Circuit's decision in *Damato* demonstrates this point. In *Nicholas v. Saul Stone & Co., LLC*, plaintiffs brought suit against futures commodities merchants (FCMs) which the instigators of a "Ponzi scheme" utilized to invest their victims' money, alleging both

- 2 -

principal and aiding and abetting liability under the CEA. 224 F.3d 179 (3d Cir. 2000). The Third Circuit affirmed the dismissal of both counts. In affirming the dismissal of the aiding and abetting claim, the Court recognized:

> "[i]n essence appellants have alleged, at most, that the FCMs knew or should have known of the violations by [the principals] of the CEA. But these allegations are a far cry from an allegation that the FCMs not only had knowledge of the intent of [the principals] to violate the CEA but, as the Seventh Circuit put it in *Damato*, 'the intent to further that violation.'"

*Id.* at 198-90, *citing Damato*, 153 F.3d at 472.

2.    <u>Plaintiffs Have Failed To Create Any Genuine Issue That PIMCO Funds Intended To Manipulate The Market.</u>

Plaintiffs' Response In Opposition To Defendant PIMCO Funds' Local Rule 56.1 Statement Of Uncontested Material Facts (hereinafter "Rule 56.1 Response") notably fails to dispute the facts that PIMCO Funds put forth. Instead, apparently seeking to create the appearance of factual disagreement, Plaintiffs instead take issue with the inferences they believe the Court will draw from those facts. *See, e.g.* Rule 56.1 Response at ¶ 3 ("Plaintiffs further dispute this paragraph to the extent it implies that…") In addition, the Rule 56.1 response repeatedly cites to a bald assertion[1] by Plaintiffs' expert, James G. Rickards, that PIMCO Funds' "funds were allowed to be used in the conduct of this manipulative trading." Rule 56.1 Response at ¶¶ 3, 7, 8 (*citing* Rickards Dep. 300). When challenged on his assertion at his deposition, however, Mr. Rickards was unable to identify even one document that showed PIMCO Funds' knowledge of the allegedly manipulative trades at issue in this case. *See* Rickards Dep. at 300.

---

[1]    These assertions are without foundation and should not be considered by the Court. *See* PIMCO LLC's Motion To Exclude Certain Expert Testimony of James Rickards.

In short, Plaintiffs still have offered no evidence beyond improper speculation by their hired expert that PIMCO Funds even *knew* how its investment adviser was trading in the June 2005 treasury futures contract, let alone that it intended to manipulate the price of the contract.

In addition, Plaintiffs make far too much of the Court's denial of PIMCO Funds' motion to dismiss. Pltfs. Opposition Brf. at 20-21. That motion was denied because, *at the motion to dismiss stage,* the Court found that "it can be reasonably inferred from the alleged facts [in Plaintiffs Complaint] that PIMCO funds knew that PIMCO intended to manipulate the futures market ... and by acting as the purchaser of such notes, PIMCO Funds intended and actually furthered PIMCO's objective." *Kohen v. Pacific Investment Management Company, LLC,* 244 F.R.D. 469, 482 (N.D. Ill. 2007). Plaintiffs erroneously claim that this language is dispositive as to PIMCO Funds' summary judgment motion as well. In fact, the motion to dismiss was denied because when ruling on a motion under Rule 12(b)(6) the non-moving party must be given the benefit of all reasonable inferences. *See id.* ("The reasonable inference that PIMCO Funds had the necessary intent is not negated by plaintiffs' reference in the complaint to PIMCO causing PIMCO Funds' conduct because, *taking the allegations as true and all reasonable inferences arising therefrom,* PIMCO Funds was well aware of its ability to influence prices while it was accumulating these large contract provisions.") (emphasis added). Now, after nearly two years of discovery, it is clear that Plaintiffs cannot back up this inference with the record evidence required to survive a motion for summary judgment. Because Plaintiffs have failed even to show that PIMCO Funds knew about the trading activities in the June 2005 treasury futures contract, it is legally impossible for

them to show that PIMCO Funds intended those activities to manipulate the treasury futures market.

    3.    <u>Plaintiffs' Belated Assertion Of Agency Liability Fails As A Matter Of Law.</u>

        In support of their new contention that PIMCO Funds is liable for PIMCO's actions because Section 2(a)(1) of the CEA imposes respondeat superior liability based on the actions of an agent, plaintiffs cite to two inapposite cases. *See* Pltfs. Opposition Brf. at 21. *Cange v. Stoler & Co.*, 826 F.2d 581 (7th Cir. 1987) involved a suit by an investor who claimed that his broker conducted unauthorized trading using the investor's account; the broker's employer, a brokerage firm, was held liable under Section 2(a)(1). *Rosenthal & Co. v. Commodity Futures Trading Comm'n*, 802 F.2d 963 (7th Cir. 1986), was a CFTC action alleging fraud by a brokerage manager who allegedly cheated his customers by failing to send them required warnings; the commission house through which the manager traded was held liable under Section 2(a)(1). Both of these cases involved an employer's liability for an employee's bad actions *towards* a client. Neither of these cases has anything to do with the clearly incoherent "agency" theory that Plaintiffs purport to assert, in which a client is *held liable* for the actions of its supposed agent at the same time the agent allegedly "manages and controls" the client. In fact, PIMCO Funds' research (and presumably that of Plaintiffs as well) has failed to uncover <u>any</u> cases that apply the agency liability provisions of Section 2(a)(1) to a market manipulation case.

        This is not a surprising result. As noted above, the Seventh Circuit has held that private claims for market manipulation require both intent and ability to manipulate the market. Applying Section 2(a)(1) of the CEA to a market manipulation

claim would negate the Seventh Circuit's specific intent requirement and lead to frivolous lawsuits in which innocent clients are legally liable for their broker's or advisor's alleged acts. Having failed to show that PIMCO Funds had actual knowledge or intent, Plaintiffs cannot now rescue their claims with a far-fetched assertion of agency liability.

### CONCLUSION

After dozens of depositions and obtaining millions of pages of discovery, Plaintiffs have simply failed to provide any evidence that PIMCO Funds manipulated the market for the June 2005 treasury futures contracts. For the foregoing reasons, as well as those set forth in PIMCO Funds' moving papers, PIMCO Funds respectfully requests that the Court grant its motion for summary judgment.

Dated:  February 6, 2008

Respectfully submitted,

By:/s/ Nicholas A. Pavich

David A. Kotler (*pro hac vice*)
William Gibson (*pro hac vice*)
Dechert LLP
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, NJ 08543-5218
(609) 620-3200

Michael T. Hannafan
Blake T. Hannafan
Nicholas A. Pavich
Hannafan & Hannafan, Ltd.
One East Wacker Dr.
Suite 2800
Chicago, IL. 60601
312-527-0055
**Attorneys for Defendant PIMCO Funds**

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2008, I electronically filed **DEFENDANT PIMCO FUNDS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARU JUDGMENT** using the ECF System and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Vincent Briganti
Lowey Dannenberg Bemporad & Selinger, P.C.
One North Lexington Ave.
11th Floor
White Plains, NY 10601

Louis F. Burke
Louis F. Burke, P.C.
460 Park Ave.
21st Floor
New York, NY 10022

Christopher Lovell
Lovell, Stewart Halebian, LLC
500 Fifth Ave.
New York, NY 10110

Anne Carol Polaski
Chicago Board of Trade
141 W. Jackson Blvd.
Suite 600
Chicago, IL 60604

Peggy J Wedgworth
Lovell Stewart Halebian LLP
500 Fifth Avenue
New York, NY 10110


/s/ Nicholas A. Pavich