

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x

JOSEF A. KOHEN, BREAKWATER
TRADING LLC, and RICHARD HERSHEY,

    Plaintiffs,

v.

PACIFIC INVESTMENT MANAGEMENT         :  No. 05 cv 4681
COMPANY LLC, PIMCO FUNDS, and
John Does 1-100,
                                                                   Judge Ronald A. Guzman

    Defendants.

------------------------------------------------------------x

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

UPON this Court's Order certifying this action as a Class action on behalf of "[a]ll persons who purchased, between May 9, 2005 and June 30, 2005 ('Class Period'), inclusive, a June 2005 10 – year Treasury note futures contract in order to liquidate a short position (the 'Class'). Excluded from the Class are defendants and any affiliated or associated party of defendants." *Kohen v. Pacific Inv. Mgmt. Co. LLC,* 244 F.R.D. 469, 475 (N.D. Ill. 2007), *aff'd,* 571 F.3d 672, *cert. denied,* 130 S.Ct. 1504 (2010); and

UPON Plaintiffs' Motion for An Order Establishing Dates And Procedures Under Rule 23 For Final Approval of Class Action Settlement, filed on January 14, 2011 attaching the Stipulation

and Agreement of Settlement ("Settlement Agreement") between Plaintiffs and Defendants Pacific Investment Management Company LLC and PIMCO Funds (collectively, "Defendants"),

**IT IS HEREBY ORDERED:**

1. <u>Hearing.</u> A Fairness Hearing will be held at *2 P.M.* on *4/7/2011*, [at least 65 days from the date of this Order] in Courtroom 1219 of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement. The foregoing date, time and place of the Fairness Hearing shall be set forth in the Notice and Publication Notice which is ordered herein, but shall be subject to adjournment or change of Courtroom by the Court without further notice to the members of the Class other than that which may be posted at the Court and on the Court's website.

2. Within 5 days after the date of the entry of this Order, the Court appointed counsel for the Class (hereinafter "Lead Counsel") shall cause copies of the Settlement Notice, substantially in the form attached as Exhibit C to the Settlement Agreement (the Settlement Agreement is attached as Exhibit A to Plaintiffs' Motion for Preliminary Approval of Settlement, submitted to the Court on January 21, 2011) to begin to be mailed by United States first class mail, postage prepaid, to each potential member of the Class set forth below:

- to all 629 large traders in the June 2005 ten-year U.S. Treasury Note Futures Contract ("June 2005 Contract") during the Class Period whose names and addresses were obtained by Plaintiffs pursuant to subpoena earlier in the litigation;

- to all other Class members whose names and addresses have been obtained pursuant to Plaintiffs' subpoenas earlier in the litigation or other means;

- to all 87 firms who were clearing brokers on the Chicago Board of Trade (now known as the Chicago Mercantile Exchange) during the Class Period, who should forward the

Notice to their customers who transacted in June Contracts or provide the names and addresses of such customers to Lead Counsel;

- to the Chicago Mercantile Exchange for posting at the Exchange in order to apprise Exchange members and all others at the Exchange of the Settlement.

3. As soon as practicable after the mailing of the Notice commences, Lead Counsel shall cause to be published a summary notice substantially in the form of Exhibit D to the Settlement Agreement as follows: (a) for two consecutive months in Futures Magazine (which reportedly has 60,000 subscribers and many additional readers who trade commodity futures); (b) on the Futures Magazine website (which reportedly has 13,000 unique visits per month) for one month; (c) for two consecutive months in Stock and Commodities Magazine; (which reportedly has 47,000 subscribers); and (d) on the Stock and Commodities Magazine website for one month.

4. Lead Counsel shall also cause the Notice to be published on a website established for purpose of this settlement, www.pimcocommoditieslitigation.com, within 10 days after the entry of this Order. Both the Notice and the Publication Notice will direct members of the Class to the website, www.pimcocommoditieslitigation.com, where they can access the Settlement Agreement, this Order, answers to anticipated questions about class action settlements or the Proof of Claim, and other information including the motion for preliminary approval.

5. Members of the Class have previously been afforded a full and fair opportunity to exclude themselves from the Class and there shall be no further right to exclusion. Persons or entities who were previously excluded from the Class shall not be entitled to share the benefits of the Settlement Agreement, nor be bound by any judgment, whether favorable or adverse.

6. <u>Deadline For Request For Fees And Expenses</u>. Lead Counsel shall file the motion for payment of attorneys' fees and reimbursement of expenses at least thirty-five days prior to the Fairness Hearing.

7. <u>Objections or Support</u>. Any member of the Class may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement or any related matter (including the request for attorneys fees or the proposed plan of allocation), provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, by 3/15/11 [20 days before the Fairness Hearing], such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to or support of the Settlement Agreement or any such related matter, and any documentation in support of such opposition; and (b) serves copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Lead Counsel and counsel of record for Defendants.

8. At least seven days prior to the Fairness Hearing, Lead Counsel shall cause to be served and filed a sworn statement attesting to compliance with the notice provisions in Paragraphs 2-4 of this Order as well as a Reply to any objections to the fairness of the Settlement or any other matter.

9. All proofs of claim shall be submitted by Class members as directed in the Notice on or before 6/7/2011. [Sixty days **after** the Fairness Hearing].

### Approval of Notice and Preliminary Approval of Settlement Agreement

10. The foregoing notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing, the request for attorney fees and expenses, the plan of allocation, and all other matters to all persons affected by and/or entitled to participate in the Settlement Agreement. Such notice fully complies with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

11. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order. The terms of the Plan of Allocation are preliminarily approved as within the range of reasonableness.

### Claims Administration

12. To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves Rust Consulting, Inc. (the "Administrator") to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Notice and Publication Notice) for the purpose of communicating with members of the Class; (b) disseminating Notice to the Class; (c) accepting and maintaining documents sent from Class members including Proofs of Claim, and other documents relating to claims administration; and (d) administering claims for allocation of funds among members of the Class.

### Other Provisions

13. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, defined as in the Settlement Agreement.

14. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants, and the members of the Class.

15. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

**IT IS SO ORDERED.**

DATED: 1/26/2011

Ronald A. Guzman
United States District Court Judge