UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
JOSEF A. KOHEN, BREAKWATER
TRADING LLC, and RICHARD HERSHEY,

      Plaintiffs,

v.

PACIFIC INVESTMENT MANAGEMENT
COMPANY LLC, PIMCO FUNDS, and
John Does 1-100,

      Defendants.
------------------------------------------------------------x

Master File No.
05 CV 4681

Judge Ronald A. Guzman

## FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on April 7, 2011 (the "Final Approval Hearing"), upon the Plaintiffs' Motion for Final Approval of Settlement with Defendant Pacific Investment Management Company LLC and PIMCO Funds (collectively "Defendants") (the "Motion"). Due and adequate notice of the Settlement Agreement having been given to the members of the Class, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay,

1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement dated January 21, 2011 (the "Settlement Agreement") and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

3. The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Class, notifying the Class of, among other things, the pendency of this Action and the proposed Settlement with Defendants.

4. The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Class who the Parties were able to identify through reasonable efforts. The Court finds that Notice was also given by publication in multiple publications as set forth in the Declaration of Eric J. Miller dated March 3, 2011 and previously submitted. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

5. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Class members of their right to object to the Settlement, the plan of allocation and Class Counsel's right to apply for attorneys' fees and reimbursement of expenses associated with the Action. A full and fair opportunity was accorded to all members of the Class to be heard with respect to the foregoing matters.

6. The Court finds that the members of the Class identified on the schedule attached hereto as Exhibit A, and no others, have previously requested to be excluded from the Class

pursuant solely to the notice of pendency dated August 20, 2009. Accordingly the persons listed on Exhibit A are not included in the Class nor bound by this Final Order and Judgment.

7. It is hereby determined that all members of the Class whose names are not on Ex. A hereto are bound by this Final Order and Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement, as set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class, including Plaintiffs. This Court further finds that the settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the Class, and Defendants. Accordingly, the settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the Termination provisions.

9. Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is validly terminated, then, by automatic operation of this paragraph, this Final Order and Judgment shall be null and void except for the provisions in this paragraph; Plaintiffs' claims shall be reinstated; Defendants' defenses shall be reinstated; and the parties shall be returned to their respective positions before the Settlement Agreement was signed. Any termination of the Settlement Agreement shall be dependent upon the realization of the condition subsequent that Plaintiffs' claims shall not be dismissed or if they have been dismissed that Plaintiffs' claims are reinstated. If, for any reason, Plaintiffs' claims are dismissed and not reinstated, then Defendants' termination of the Settlement Agreement shall be null and void.

10. The Settlement Fund has been established as a trust and as a Settlement Fiduciary Account. The Court further approves the establishment of the Settlement Fiduciary Account

under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

11. The Court reserves exclusive jurisdiction, except where jurisdiction is given to the Mediator under the terms of the Settlement Agreement, without affecting in any way the finality of this Final Order and Judgment, over the implementation and enforcement of the Settlement Agreement and the settlement contemplated thereby and the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction, except where jurisdiction is given to the Mediator under the terms of the Settlement Agreement, in order to resolve any disputes that may arise with respect to the Settlement Agreement, the settlement, or the Settlement Fund, consider or approve administration costs and fees, and consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of this judgment, Defendants and each Class member hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, except where jurisdiction is given to the Mediator under the terms of the Settlement Agreement, for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the Release provisions therein.

12. Under the terms and conditions set forth in the Settlement Agreement, PIMCO, PIMCO Funds, the predecessors or successors of each, the present or former trustees of PIMCO Funds, and their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, and each and any of their respective stockholders, members, officers, directors, insurers, general or limited partners, employees, agents, legal representatives (and the predecessors, heirs, attorneys and executors, administrators, successors and assigns of each of the foregoing) (individually and collectively, the "Released Parties") are and shall be released and forever discharged to the fullest extent permitted by law from and against any and all manner of claims,

demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature and kind whatsoever, including without limitation costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that each and every Class Member (including any of their past, present or future parents, subsidiaries, divisions, affiliates, stockholders, and each and any of their respective stockholders, officers, directors, insurers, general or limited partners, agents, attorneys, employees, legal representatives, trustees, associates, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund (the "Releasing Parties"), ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising in any way out of any losses or transactions in the June Contract or the underlying "cheapest-to-deliver" note for the June Contract (*i.e.*, the 10-year Treasury note due February 15, 2012) that is, the nucleus of operative facts alleged or at issue or underlying the action, whether or not asserted in the Action (the "Released Claims"). Each Class Member hereby covenants and agrees that he/she/it shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.

Plaintiffs and all members of the Class, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a proof of claim, are hereby permanently enjoined from commencing, instituting, causing to be instituted, assisting in instituting or permitting to be instituted on his, her or its behalf, whether directly, derivatively, representatively or in any other capacity, any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise alleging or asserting against the Released Persons, individually or collectively, any of the Released Claims in this Final Order and Judgment.

In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> **Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;**

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section but each Releasing Party expressly waives and fully, finally and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The releases herein given by the Released Parties shall be and remain in effect as full and complete releases of the claims set forth in the Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in this Final Order and Judgment, as if such facts or claims had been known at the time of this release.

13. The Settlement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or any Released Party or of the truth of any of the claims or allegations alleged in the Action. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any

6

statute or law or of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations, or of any damage or injury. Evidence of this Settlement or the negotiation of this Settlement shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, except in connection with a dispute under this Settlement or an action in which this Settlement is asserted as a defense.

14. As of the date this Final Order and Judgment is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the settlement of the Action.

15. The Court finds that during the course of the Action, the Releasing Parties and the Released Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. Any data or other information provided by Class members in connection with the submission of claims will be held in strict confidence, available only to the Administrator, Class Counsel, and experts or consultants acting on behalf of the Class, and Defendants and experts or consultants acting on behalf of Defendants. In no event will a Class member's data or information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

17. The proposed plan of allocation is approved as fair, reasonable and adequate.

18. The Court has reviewed Class Counsel's petition for an award of attorneys' fees and reimbursement of expenses. The Court determines that an attorneys' fee of 20% of the Settlement Fund is fair, reasonable, and adequate and that Class Counsel should be paid $1,799, 857.33 as reimbursement for their expenses.

19. Plaintiffs shall file, not later than December 13, 2011, an accounting for distribution of the disbursement of the settlement fund remaining after the payment of attorneys' fees and reimbursement of expenses provided in paragraph 18 above.

20. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: 5/2/2011

Ronald A. Guzman United States District Court Judge

# **EXHIBIT A**

The following entities, and no others, have previously requested to be excluded from the Class pursuant solely to the notice of pendency dated August 20, 2009:

1. Banc of America Securities LLC
2. Banc of America Futures, Inc.
3. European Central Bank
4. Aozora Bank, Ltd.
5. AXA China Region Insurance Company (Bermuda) Limited
6. The Swedish National Debt Office
7. LBBW Asset Management (Ireland) PLC
8. Fullerton Fund Management Company Ltd.
9. HSBC Private Bank (Suisse) SA, Hong Kong
10. AmInternational (L) Ltd.